DiNARDO, d. b. a. COLISEUM PALACE, Defendant-Appellant, v. BOARD OF LIQUOR CONTROL et, Plaintiff-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5884.  Decided December 29, 1958.

William Saxbe, Chester Hummell, for plaintiff-appellee.
Herbert, Tuttle, Applegate & Britt, for defendant-appellant.

(GRIFFITH, J, of the Seventh District, YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation in the Tenth District.)

## OPINION

By GUERNSEY, J.

In disposing of this appeal it is necessary to keep in mind the chronological order of the proceedings had prior to the appeal:

1. September 11, 1956. Hearing had before the Board of Liquor Control on the charge of keeping and possessing diluted liquor.

2. September 14, 1956. Appellant's Class C-2, D-1 and D-2 permits revoked by Board upon finding charge well taken.

3. September 21, 1956. Affidavit executed by Lora Beatrice Thomas, a former employee of appellant, as to her responsibility for diluting liquor, said affidavit being acknowledged by appellant's brief to be in the possession of appellant and her counsel "prior to the hearing before the Court of Common Pleas, but after the hearing before the Board of Liquor Control."

4. June 10, 1957. Hearing on appeal by Common Pleas Court.

5. August 29, 1957. Judgment of Common Pleas Court affirming order of Board of Liquor Control journalized.

6. September 9, 1957. Motion for rehearing by reason of newly discovered evidence filed based on affidavit of Lora Beatrice Thomas.

7. December 13, 1957. Judgment of Common Pleas Court denying motion for rehearing journalized. This is the judgment from which this appeal on questions of law was taken.

The only question which could therefore properly be before this Court is whether or not the Court of Common Pleas committed reversible error in overruling appellant's motion for a rehearing by reason of newly discovered evidence. If the Common Pleas Court did not commit error in overruling appellant's motion then the judgment of the Common Pleas Court affirming the judgment of the Board of Liquor Control would continue as a valid subsisting judgment. In the event that this Court should find that the Common Pleas Court erred in overruling said motion the most it could do would be to reverse the said ruling of the Common Pleas Court and order the Common Pleas Court to rehear the appeal and take into consideration the "new evidence" to which the motion pertained.

In neither event would this Court have jurdisdiction to order the Board of Liquor Control to rehear the matter considering such evidence.

There is no statutory provision for a rehearing, as such, of an appeal from an order of an administrative board. Such decisions as there are pertaining to the right for a rehearing hold that a rehearing in a court of review is not a matter of right but is a privilege which the court may grant in a proper case or may, in its discretion, deny in any case. Sec. 657, Appellate Review, 3 O. Jur. 2d, 605, and authorities therein cited.

In view of the fact that both the appellant and her counsel knew of the existence of the affidavit, and the evidence to which it pertained, more than eight months prior to the hearing of her appeal from the decision of the Board of Liquor Control in the Court of Common Pleas, and failed to request admission of such "newly discovered" or additional evidence at the hearing on such appeal, which under the

provisions of §119.12 R. C., appellant had a right to do, we cannot conclude that the Court of Common Pleas abused its discretion and thereby committed reversible error in overruling appellant's motion for a rehearing based on such evidence.

Nor could we arrive at a different conclusion, even were the motion for a rehearing to be considered as a motion for a new trial, which with respect to newly discovered evidence does not differ greatly from a motion for rehearing either in principle or legal effect. In the case of **Sheen v. Kubiac, 131 Oh St 52,** the Supreme Court held in paragraph 3 of the syllabus, which holding still expresses the law of Ohio:

"To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1), the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence."

In the case of **Domanski v. Woda, 132 Oh St 208,** the Supreme Court held, among other things:

"1. New trials on the ground of newly discovered evidence are not favored by the courts.

"2. The granting or refusing of a new trial on the ground of newly discovered evidence rests largely within the sound discretion of the trial court, and when such discretion has not been abused reviewing courts should not interfere."

Tested by the foregoing principles of law it would appear that the trial court did not abuse its discretion and it is our opinion and judgment that the judgment appealed from should be affirmed.

GRIFFITH, PJ, concurs.

## CONCURRING OPINION

By YOUNGER, J.

I concur in the judgment of affirmance for the reason that the affidavit in question does not meet the qualifications of newly discovered evidence, and the Common Pleas Court did not abuse its discretion in refusing a rehearing because of it.

However, although the judgment is technically correct, the result, in my opinion, is a gross injustice. Why the evidence contained in the affidavit was not introduced in the Common Pleas Court is not easily understood, except that it would be an indirect admission by the permit holder that her agent or employee had committed an illegal act for which the permit holder would have to take the responsibility. This would have been the wise course, as the Common Pleas Court could have remanded the case to the Board of Liquor Control for reconsideration upon the evidence which was not before it at its hearing on September 11th. This Court cannot remand, under the facts here present. We are limited only to affirming or reversing the court below upon the

issue raised, which is whether or not an abuse of discretion arose in refusing to grant a rehearing on the grounds of newly discovered evidence which was known of months in advance of the hearing in that court. The result, unless the Board of Liquor Control changes the severe penalty imposed, is to ruin a business which the record shows to have been well conducted with no violations for a period of over thirteen years.